**Frank GIACOBBE, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 04–1541–PR.

United States Court of Appeals, Second Circuit.

April 14, 2005.

Robert J. Boyle, New York, N.Y., for Appellant.

Emily Berger, Asst. U.S. Atty., Brooklyn, N.Y., for Appellee.

Present: WALKER, Chief Judge, NEWMAN, and JACOBS, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the District Court is AFFIRMED.

Frank Giacobbe appeals from a Memorandum and Order denying his motion, pursuant to 28 U.S.C. § 2255, to vacate his sentence imposed following his plea of guilty to attempted murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5). He contends that the Government violated its obligations under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by not furnishing him with FBI reports of interviews with Alphonse D'Arco, who would have been a principal witness against Giacobbe had there been a trial. The Government seeks to uphold the denial of the motion on the grounds of untimeliness and lack of merit.

Even if we assume that the section 2255 motion was timely, denial was entirely warranted because the motion lacks merit. The interviews report a claimed conversation between D'Arco and Neil Migliore, in which Migliore allegedly offered to attempt to influence a district judge concerning a then-pending criminal prosecution. Giacobbe claims that he was deprived of the opportunity to obtain the testimony of the district judge for use as impeachment material against D'Arco. D'Arco cannot show a "reasonable likelihood that disclosure of the evidence would have affected the outcome of [his] case." *United States v. Rivas*, 377 F.3d 195, 199 (2d Cir.2004). D'Arco was subject to impeachment on numerous grounds known to Giacobbe, including D'Arco's involvement in murder and arson. His report of a conversation with Migliore would not have provided any significant basis for added impeachment, if it was impeaching at all. There is also no claim of any approach to the district judge nor a claim that the district judge would have been able to say anything to impeach D'Arco. Just as important, we note that while the withholding of favorable evidence can provide a basis for challenging a guilty plea, *see United States v. Avellino*, 136 F.3d 249, 256 (2d Cir.1998), withholding of impeachment material does not provide a basis for such a challenge, *see United States v. Ruiz*, 536 U.S. 622, 625, 629, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002).